■ In the Matter of PORT JEFFERSON STATION TEACHERS ASSOCIATION, INC., Appellant, v BROOKHAVEN-COMSEWOGUE UNION FREE SCHOOL DISTRICT, Respondent.—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, petitioner appeals from an order of the Supreme Court, Suffolk County, dated March 25, 1977, which denied the petition. Order reversed, on the law, with $50 costs and disbursements, and petition granted. Article XXXIII of the parties' collective bargaining agreement, entitled "SPECIALIST SERVICES", provides: "The Association and the Board recognize that an adequate number of competent specialists is essential to the operation of an effective educational program. In consideration of this, both parties agree that every effort should be made to provide the District with the necessary specialists. There shall be no reduction in the number of specialist teachers employed by the School District during this contract, provided there is no decrease in enrollment." The grievance involved in this proceeding relates not to the district's outright abolition of several specialist positions (such action was the subject of a separate proceeding which resulted in a denial of an application to stay arbitration *[Matter of Brookhaven-Comsewogue Union Free School Dist. v Port Jefferson Sta. Teachers*

*Assn.,* 86 Misc 2d 620, affd 53 AD2d 667, mot for lv to app den 42 NY2d 803]), but rather to the assignment of four other specialists to teach one class or period per day outside of their respective specialties. There is no claim of a decrease in enrollment. The arbitrator held in favor of the petitioner, finding that article XXXIII prohibited not merely a decrease in the number of specialists employed, but also emasculation of the specialist program by the assignment of specialists to significant duties in other areas; and that, in the present instance, the specialist program had been decreased by such outside assignments almost to the equivalent extent of one full teacher, which thus contravened article XXXIII. Special Term, in denying the petition to confirm the award, found that article XXXIII was limited only to the issue of a reduction in the number of specialist teachers employed and was not directed at or intended to limit the assignment of a teacher to the field of his specialty. It held that the arbitrator's finding was contradictory to the plain meaning of the article and, hence, in excess of his authority. The arbitrator having been authorized to resolve disputes concerning the interpretation of the contract, his determination may be set aside only if completely irrational (see *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582). His determination is not, in our view, irrational. On the contrary, considering the title and language of article XXXIII, as well as the fact that nonspecialty teachers are not favored with any minimum staffing or job security guarantees (see article XXXV, entitled abolition of teaching position), it was reasonable for the arbitrator to conclude that the intent was to insure the continuation of a certain level of specialist services and not merely a certain number of funded job positions. In any event, courts may not set aside an award because they disagree with the arbitrator's interpretation. Furthermore, we do not find the limited contractual restraint upon the assignment of these specialist teachers to be violative of public policy. Hopkins, J. P., Rabin, Shapiro and O'Connor, JJ., concur.